STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-142

STATE OF LOUISIANA

IN THE INTEREST OF D. B.

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. 3910-99,
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Michael G. Sullivan, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**David W. Burton**
**District Attorney**
**Post Office Box 99**
**DeRidder, Louisiana 70634**
**(337) 463-5578**
**Counsel for:**
         **State of Louisiana**

**Charles A. "Sam" Jones, III**
**Attorney at Law**
**Post Office Box 995**
**DeRidder, Louisiana 70634**
**(337) 463-5532**
**Appellant**

SULLIVAN, Judge.

Charles A. "Sam" Jones, III, appeals the trial court's rejection of his request for the payment of legal fees that he alleges were incurred as the result of his representation of a minor in a child in need of care proceeding. For the following reasons, we find no error and affirm.

**Factual and Procedural Background**

On April 5, 1999, Mr. Jones was appointed to represent the minor D. B., a sixteen-year-old girl for whom a child in need of care proceeding was commenced upon her allegations that she had been sexually abused by her stepfather, D. P. On May 19, 1999, Mr. Jones withdrew as counsel for D. B., alleging that a conflict had arisen between him and the Department of Social Services, Office of Community Services (OCS) regarding his representation of the minor. While represented by another court-appointed attorney, D. B. was eventually adjudicated as a child in need of care based upon a stipulation that did not include an admission of the sexual abuse allegations.

OCS subsequently filed a formal complaint with the Office of Disciplinary Counsel (ODC), contending that Mr. Jones committed an ethical violation by allowing the attorney for D. B.'s mother to be present during an interview with D. B., without first obtaining a waiver of the attorney/client privilege from the OCS social worker assigned to her case. The Louisiana Attorney Disciplinary Board issued a ruling on December 18, 2002, absolving Mr. Jones of any ethical wrongdoing in the matter. Specifically, the Disciplinary Board found that D. B., and not OCS, was the appropriate party to waive the attorney/client privilege and that Mr. Jones obtained a valid waiver from her before proceeding with the interview. This ruling was

affirmed by the Louisiana Supreme Court in *In Re Jones*, 03-164 (La. 4/21/03), 845 So.2d 1045.

On June 28, 2003, Mr. Jones filed a request for payment of fees and expenses in the child in need of care proceeding, contending that the $13,384.19 in legal fees that he incurred defending the charges before the Disciplinary Board were expenses arising out of his representation of D. B. In his request before the trial court, Mr. Jones indicated that he had filed a claim with his professional liability insurer, but that he did not intend to accept any payment to avoid an increase in premiums.[1] The trial court denied Mr. Jones' request for payment after concluding that the legal fees incurred in the disciplinary proceedings were not directly related to services performed on behalf of the child.

## Discussion

The authority for payment of legal fees and expenses in a child in need of care proceeding is found at La.R.S. 46:460.21 (emphasis added), which provides in part:

### § 460.21. Fees in child protection cases

> A. (1) To the extent funds are appropriated by the legislature for such purpose, the state, through the Department of Social Services, office of community services, *shall pay legal fees and approved expenses arising out of the representation of children or indigent parents, but not both, and curatorships in child protection proceedings*. Such payments shall be made if legal services corporations and private attorneys are not otherwise paid for services in these child protection proceedings. If authorized pursuant to Subsection B of this Section, the department shall also pay mediator fees in child protection proceedings arising out of court referrals pursuant to Article 437 of the Children's Code. *Payment for legal fees and approved expenses shall be made only for services, including appeals rendered pursuant to appointments under Children's Code Articles 607, 608, 643, 1016, 1023, 1042, 1136, and 1146 exclusively*. Funds appropriated for this purpose shall not be

---

[1] In his brief to this court, Mr. Jones states that he has since received $7,500.00 in insurance payments, which amount he intends to reimburse the insurance carrier should he prevail in this suit.

used to supplant a court's prior levels of indigent defender representation.

. . . .

B. As used in this Section, the following terms shall have the following meanings:

(1) "Approved expenses" means the following expenses incurred pursuant to appointment under this Section: search costs in curatorship appointments, expert witness fees, mileage in excess of twenty miles per trip, routine law office expenses such as long distance telephone or fax charges, photocopies, postage and delivery charges, parking, and other expenses approved by the court and consistent with applicable state guidelines. The rate of reimbursement for mileage as well as expenses incurred by experts shall be in accordance with state travel regulations established by the division of administration.

(2) "Child protection proceedings" means child in need of care and judicial certification for adoption proceedings, including surrender proceedings, relating to children in the care of the office of community services.

. . . .

(4) "Legal fees" includes fees for curatorship services as well as traditional legal services.

Additionally, before receiving payment, the attorney must certify that "[t]he services and expenses billed are reasonable and necessary and consistent with effective and efficient practice in child protection cases" and that "[t]he attorney has received no compensation for the services or expenses described nor will he be receiving or eligible to receive such compensation from any other source." La.R.S. 46:460.21(C)(1)(g)(iii) and (v). The Louisiana Supreme Court General Administrative Rules, Part G, Section 9, establishes a fee schedule for child in need of care and termination of parental rights proceedings, setting such fees at $75.00 per hour for in-court work and $50.00 per hour for out-of-court work, and further

3

providing that "[c]ourts may also order higher rates of compensation in extraordinary cases."

On appeal, Mr. Jones argues that this case presents extraordinary circumstances warranting additional compensation, as an appointed counsel should not be responsible for thousands of dollars in legal fees defending "spurious allegations of ethical misconduct." Although we agree that this case can be characterized as "extraordinary" in some respects, we do not find that the reimbursement Mr. Jones seeks is of the type contemplated by La.R.S. 46:460.21.

In denying Mr. Jones' request for payment, the trial court noted that the expenses claimed were incurred after Mr. Jones terminated his legal relationship with the child and were all related to the proceeding before the Disciplinary Board, not to the child in need of care proceeding. Further, the trial court found that the "precipitating event" for the expenses was not Mr. Jones' appointment to represent the child, but rather his choice to allow the child to meet with an attorney for a party who was essentially adverse to her interests.[2] Although Mr. Jones was completely exonerated of any charges arising out of this conduct, the trial court, nonetheless, noted that "the issues presented . . . were of first impression. There was no clear guidance in the law dictating a particular outcome." The trial court further analogized the situation to that of a successful defendant in a tort suit who cannot collect his attorney fees in the absence of statutory authorization.

We find no error in the trial court's analysis. We first note the difficulty in associating the expenses claimed with the listing of "approved expenses" found in La.R.S. 46:460.21(B)(1). Second, we find that Mr. Jones is unable to certify that he

---

[2]Investigative reports in the record indicate that the child's mother, who was married to the alleged perpetrator, did not believe her daughter's allegations of sexual abuse.

4

is not eligible for reimbursement from any other source due to his receipt of insurance proceeds. Finally, we find that the statute under which he seeks reimbursement contemplates only fees and expenses incurred during the appointment to represent children or indigent parents under the specific articles listed therein. The expenses claimed here were incurred in another proceeding and on behalf of the Appellant rather than his client.

## Decree

For the above reasons, the judgment of the trial court is affirmed at Appellant's cost.

**AFFIRMED.**